## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| x : | |
| **CONTINENTAL TRANSFERT TECHNIQUE LIMITED,** No. 130, Awolowo Street, Ikoyi, Lagos,: Nigeria : : | |
| : | Civil Action No:_____ |
| **Plaintiff,** : | |
| : | |
| - against - : | |
| : | **COMPLAINT** |
| **THE FEDERAL GOVERNMENT OF NIGERIA, ATTORNEY GENERAL OF THE FEDERATION, MINISTER OF THE INTERIOR;** c/o Attorney General of the Federation, Federal Republic of Nigeria, Chambers : of the Attorney General, Federal Ministry of Justice : Complex, Shehu Shagari Way, Abuja, Nigeria : : | |
| **Defendants.** : | |
| : | |
| x | |

Plaintiff CONTINENTAL TRANSFERT TECHNIQUE LIMITED, No. 130, Awolowo Street, Ikoyi, Lagos, Nigeria ("CONTINENTAL" or "Plaintiff"), by its attorneys, Kelley Drye & Warren LLP, alleges upon personal knowledge as to its own acts and information and belief as to all other acts, as follows:

### NATURE OF THE ACTION

1.     This action is brought to confirm the final arbitration award rendered on August 14, 2008, following a hearing at the International Dispute Resolution Centre in the United Kingdom.  Plaintiff seeks confirmation of the award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 201-208.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) because this is a "nonjury civil action against a foreign state as defined in section 1603(a) of this title" from which the foreign state does not have immunity because the exceptions to foreign sovereign immunity set forth in 28 U.S.C. §§ 1605 (a) (1) and (6) are satisfied.  Jurisdiction is also proper pursuant to 28 U.S.C. § 1331, as this case presents claims arising under the Federal Arbitration Act, 9 U.S.C. §§ 1-14, and the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602 through 1611.

3.      This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. § 1330(b), because the requirements of § 1330(a) are met and service has been made pursuant to 28 U.S.C. § 1608.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(4), which expressly provides for venue in this Court for an action "brought against a foreign state or political subdivision thereof."

5.      Nigeria is a signatory to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-208.

**THE PARTIES**

6.      Plaintiff Continental Transfert Technique Limited is a corporation organized under the laws of the Federal Republic of Nigeria with its principal place of business as No. 130, Awolowo Street, Ikoyi, Lagos.  It is engaged in the business of, *inter alia*, the production and supply of computer-compatible identification cards.

7.      Defendants Federal Government of Nigeria, Attorney General of the Federation, and Minister of the Interior ("Defendants" or "Nigeria") are a foreign state, or are agencies or instrumentalities of a foreign state, as defined by 28 U.S.C. § 1603(a) and (b).

## THE UNDERLYING DISPUTE

8.      The factual findings of the arbitral panel are fully laid out in the Final Award, incorporated herein by reference, and attached hereto as Exhibit A (hereinafter the "Award").

9.      On or about May 25, 1999, Continental entered into the Contract Agreement for Combined Expatriate Residence Permit and Alien Card Scheme with the Ministry (hereinafter the "1999 Agreement"). Award ¶ 1.

10.     The 1999 Agreement was for the manufacture and sale of a new computer-compatible identification card called a Combined Expatriate Residence Permit and Aliens Card ("CERPAC"). Pursuant to the agreement, Continental was to manufacture CERPACs, and provide various equipment, technical support, and training, and the Ministry was to provide "suitable office accommodation" for various CERPAC facilities. Award ¶¶ 3-4.

11.     Under the 1999 Agreement, the fees earned by the sale of the CERPAC cards would be split according to a "sharing ratio" of fifty percent (50%) to Nigeria, forty percent (40%) to the Continental, and ten percent (10%) to the "designated account of the Ministry as operating costs." Award ¶ 2.

12.     The 1999 Agreement was to be "effective for 5 ... years exclusive of the one year preparatory period." Award ¶ 8.

13.     Implementation of the 1999 Agreement was delayed because a change of the Nigerian government shortly after the agreement was concluded caused all government contracts to be reviewed.  Award ¶ 13.

14.     On or about February 4, 2002, the parties executed an addendum to the 1999 Agreement (the "2002 Addendum").  Among other things, the 2002 Addendum changed the fee sharing ratio to sixty percent (60%) to Nigeria, thirty percent (30%) to Continental, and ten percent (10%) to cover operating expenses.  Significantly, the 2002 Addendum reduced the contract term from five years to three years, based on Nigeria's sales projections for CERPACs. Award ¶¶ 13-21.

15.     On or about May 23, 2003, the parties executed a second addendum to the 1999 Agreement (the "2003 Addendum").  The 2003 Addendum provided for additional tamperproof forms to be added to the CERPACs, along with the provisioning of additional items and facilities.  Award ¶¶ 22-24.

16.     On November 20, 2007, Continental initiated an arbitration, as provided by the 1999 Agreement, claiming that Nigeria has failed to adequately perform under the terms of the 1999 Agreement, 2002 Addendum and 2003 Addendum (together the "CERPAC Agreements"), particularly in misrepresenting the CERPAC sales projections.  Continental sought ₦51,162,000,000 (approximately USD$604 million) in total damages.  Award ¶ 30.

17.     Nigeria denied that it breached the contract, and counterclaimed alleging that Continental failed to deliver certain equipment and perform certain services.  Nigeria sought ₦4,049,210,000 (approximately USD$34 million) in damages on the counterclaims.  Award at ¶ 31.

## THE ARBITRATION

18.     The 1999 Agreement provides:

> In the event of any dispute claim or difference which may arise out
> of or in relation to this contract and touching on the performance or
> breach thereof, the same shall first be settled amicably between the
> parties hereto and failure to reach settlement, the matter shall be
> referred to arbitration in accordance with the provisions of the
> Arbitration and Conciliation Act Cap.19 Vol.1 Laws of the
> Federation of Nigeria 1990.

1999 Agreement at 8 (attached hereto as Exhibit B).

19.     Continental appointed arbitrator Sarosh Zaiwalla, a practicing English Solicitor and former Member of the International Court of Arbitration of the International Chamber of Commerce, Paris.  Nigeria appointed arbitrator Chief Assam E. Assam [SAN], practicing Senior Counsel of the Nigerian Supreme Court.  The two arbitrators then appointed Bruce Harris, a former Chairman of the Chartered Institute of Arbitrators and former President of the London Maritime Arbitrators Association") as the third arbitrator.  Award ¶ 25.

20.     On June 2-6, 9-10, and 12-13, 2008, hearings were held in London at the International Dispute Resolution Centre.  Both parties were represented by counsel, called witnesses (Continental called four witnesses and Nigeria called five witnesses), and produced documents relevant to their position.  Award ¶¶ 27-29, 34-36.

21.     The arbitrators found the contract at issue to be "very much a commercial one" and "[thought] it right to take a pragmatic, commercial approach to the construction of the agreement documentation, whilst of course having full regard to the law and giving full weight to the agreement's wording; and also to have regard to what the parties plainly, as a matter of fact, intended it to mean, as evidenced by their words and deeds." Award ¶ 38.

22.     On August 14, 2008, the Arbitrators issued the fifty-one page Final Award, awarding Continental damages on four of its claims, plus interest at an awarded rate of 18%, less amounts resulting from the Defendants' counterclaims.  Award ¶¶ 78, 86, 90, 105, 116, 119, 128.

23.     Continental was awarded ₦30,021,469,207.48 (approximately USD$255 million), less Nigeria's counterclaims of ₦361,303,000 (approximately USD$3 million).  Accordingly, the arbitrators ruled that Nigeria "shall therefore within 14 days of the delivery of this Award pay to the claimant the sum of ₦29,660,166,207.48." Award ¶139.  This award amounts to approximately USD$252 million.

24.     Pursuant to the Final Award, Nigeria was also ordered to pay, within 14 days of the Award, Continental's costs in the amount of USD$247,500.  Award ¶139.

25.     Pursuant to the Final Award, Nigeria was also ordered to refund Continental, within 14 days of the Award, all amounts Continental paid for the cost of the arbitration in excess of 5% of total cost of the arbitration, which totaled £253,467.20.  Award ¶139.

26.     Five percent of the total cost of the arbitration is £12,673.36.  Continental paid £173,467.20 of the total arbitration costs.  Continental is therefore owed £160,793.84 (£173,467.20 - £12,673.36).  This award amounts to approximately USD$238,007 dollars.

27.     Nigeria has failed to satisfy the arbitration awards.

## AS AND FOR A
## FIRST CLAIM FOR RELIEF

### (To Confirm the Arbitration Award Rendered on August 14, 2008)

28.     Plaintiff repeats and realleges each allegation contained in Paragraphs 1 through 27 above as if fully set forth herein.

29.     This arbitration award falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented by the Federal Arbitration Act, 9 U.S.C. §§ 201-208.

30.     Nigeria has waived sovereign immunity to this action under 28 U.S.C. § 1605(a)(1) by becoming a signatory to the New York Convention and submitting to arbitration in a signatory country.

31.     Nigeria has waived sovereign immunity under 28 U.S.C. § 1605(a)(6)(B) because the arbitration award "is or may be governed by a treaty . . . calling for the recognition and enforcement of arbitral awards."

32.     A duly certified copy of the Award is attached hereto as Exhibit A.

33.     A duly certified copy of the 1999 Agreement, which contains an arbitration clause and which is an "agreement in writing" as defined by the New York Convention, is attached hereto as Exhibit B.

### PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff requests entry of an order and judgment:

(a)     Confirming the Final Award rendered on August 14, 2008 against Defendants in the amount of:

- ₦29,660,166,207.48;

- USD$247,500; and

- £160,793.84.

(b)     Granting interest at the awarded rate of 18% on the amounts referenced in (a) above, from August 28, 2008 to the date of the requested order and judgment.

(c)     Awarding post-judgment interest and costs to be taxed on the amounts

awarded above.

(d)     Awarding the costs of this action, together with such other and further

relief as this Court deems just, proper and equitable.

Dated:        November 25, 2008.                    Respectfully submitted,

                                                    KELLEY DRYE & WARREN LLP

                                                    By:

                                                    Shaun M. Gehan
                                                    D.C.  Bar No.  483720
                                                    Washington Harbour, Suite 400
                                                    3050 K Street, NW
                                                    Washington, DC 20007
                                                    Phone:  (202) 342-8469
                                                    Facsimile:  (202) 342-8451

                                                    Paul F. Doyle
                                                    (*Pro hac vice* application pending)
                                                    101 Park Avenue
                                                    New York, New York 10178
                                                    Phone: (212) 808-7800
                                                    Facsimile: (212) 808-7897

                                                    *Attorneys for Plaintiff Continental Transfert*
                                                    *Technique Limited*