# **EXHIBIT B**

# CERTIFICATION

Shaun M. Gehan hereby certifies as follows:

1. I am an attorney at Kelley Drye & Warren LLP and am duly admitted to practice before the Courts of the District of Columbia.

2. The attached is a true, correct and complete copy of the Contract Agreement for Combined Expatriate Residence Permit and Alien Card Scheme entered into on or about May 25, 1999.

_____
Shaun M. Gehan
D.C. Bar No. 483720
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Phone: (202) 342-8469
Facsimile: (202) 342-8451

District of Columbia  )
                      )  ss:

Sworn to before me this
24th day of November, 2008

_____
Notary Public for the District of Columbia
Karen L. Butler

My Commission Expires:  June 30, 2009

## **NOTARY CERTIFICATION**

I certify that the attached is a true, correct and complete copy of the Contract Agreement for Combined Expatriate Residence Permit and Alien Card Scheme entered into on or about May 25, 1999, in the possession of Shaun M. Gehan.

Dated: November 24, 2008

District of Columbia   )
                       ) ss:

Subscribed and sworn to before me this 24th day of November 2008.

_K.  Z. Butler_
Notary Public for the District of Columbia
Karen L. Butler

My Commission Expires: June 30, 2009



**R5**

# FEDERAL MINISTRY OF INTERNAL AFFAIRS

OLD SECRETARIAT,
P.M.B. 7007,
ABUJA.

## CONTRACT AGREEMENT

## FOR

*COMBINED EXPATRIATE RESIDENCE PERMIT
AND ALIEN CARD SCHEME*

**<u>CONTRACTOR</u>**
CONTINENTAL TRANSFERT TECHNIQUE LIMITED
NO. 130, AWOLOWO STREET,
IKOYI,
LAGOS STATE.

1999

# FEDERAL MINISTRY OF INTERNAL AFFAIRS

# AND

# CONTINENTAL TRANSFERT TECHNICAL LIMITED

## AGREEMENT FOR

## THE COMBINED EXPATRIATE RESIDENCE PERMIT AND ALIENS CARD

THIS AGREEMENT IS MADE THIS 25TH DAY OF MAY, 1999 BETWEEN THE FEDERAL MINISTRY OF INTERNAL AFFAIRS, Area 1, GARKI, ABUJA (hereinafter referred to as "the Ministry" which exprression shall where the context so admits include its successors and assigns) of the first part.

AND

CONTINENTAL TRANSFERT TECHNICAL LIMITED of No. 130, AWOLOWO ROAD, IKOYI, LAGOS (hereinafter referred to as "the Contractor" which expression shal where the context so admits include its successors and assigns) of the second part.

WHEREAS

The Ministry is desirous of replacing the paper Expartriate Residence Permit and Aliens Card currently in use with the combined-special purposes cards that would be computer legible and 21st Century computer compatible.

AND WHEREAS

The Contractor has agreed to produce and supply the said cards subject to the terms and conditions hereinafter stipulated.

15

NOW THIS AGREEMENT WITNESSETH AS FOLLOWS:

**SPECIFICATION OF THE COMBINED EXPATRIATE RESIDENCE PERMIT AND ALIENS CARD (CERPAC)**

The CERPAC shall be produced according to:

**DESIGNS**

**SURFACE (FRONT)**

(i) Primary Green and White Graduated Multi-colour encrypted forge-proof background with multicolour Nigeria Coat of Arms.

(ii) Complete Header text printed in green.

(iii) Information text printed in black.

(iv) Signature in choice of colour.

(v) Nigeria Immigration Logo in immigration colours of sand, brown and gold.

**SURFACE 2 (REAR)**

(I) Primary white with multi-coloured graduated pattern.

(II) Mandatory regulations printed in black.

(III) Nigeria Immigration Coat of Arms printed in superimposed colours.

(iv) Signature text head of Comptrollr-General of Immigration in red.

**TECHNICAL FEATURES:**

(i) Preprinted original green and white with graduated multicolour Polyvinyl Chloride (P.V.C) card.

(ii) Surface image of holder printed into clear white background.

(iii) Signature of Comptroller-General of Immigration printed directly.

(iv) Residence permit number to be clearly printed.

(v) Special file reference number to be clearly printed.

(vi) Twin track microfilm magnetic pick-up for comprehensive data storage.



(vii)  Computer readable two - dimension bar code.

(viii) Card stock will be made of PVC with industry standard CR-80 size dimension 54 x 85.6mm rounded edges.

(ix)  1mm hard polythene abrasive resistant material overlay.

(B) **SECURITY FEATURES**

(I)  The CERPAC cards will have additional Advantage Overlaminate monogrammed transparency.

(II)  Unique optionally variable security overlay.

(III) Multicolour shade change (for example from Yellow to Red to Green when viewing angle is changed.

(iv)  Background pattern to be forge and tamper-proof using over 250 colours.

(v)  Colour-coded hologram of Nigeria Coat of Arms integrated with the card.

(vi)  Laser protected serial numbering.

(vii) Complete micro track authenticating systems.

(viii) The portrait and personal text data are all an integral part of the card surface and cannot be removed or tampered with, without visibly damaging the card.

(ix)  Each issued card to be identical in quality and colour background thus making it impossible to forge or duplicate.

**PRICE:**

The Ministry shall charge a unit price of US.$250 (Two Hundred and fifty dollars) for each CERPAC. However, applicants of non-ECOWAS African

origin applying for alien registration would pay US.$100 (One Hundred dollars) per card.

## PAYMENT CONDITIONS

(I) The Contractor shall designate the participatory banks mutually acceptable to the parties.

(II) The Ministry shall designate a bank into which funds accruing to it would be paid by the participating banks.

(III) From the accruing fees of US.$250 (Two hundred and fifty dollars) per CERPAC and US.$100 (One hundred dollars) respectively the sharing ratio would be as follows:

(a) 50% to Government

(b) 40% to the Contractor

(c) 10% to the designated account of the Ministry as operating costs.

## DELIVERY TERMS

The Contractor undertakes as follows:

a. To provide 100 units of computerised magnetic card swipe machines.

b. To install and commission complete equipment for image capture printing and issuance of CERPACs at 8 Zonal locations of Lagos, Kaduna, Bauchj, Abuja, Owerri, Ibadan, Benin and Makurdi.

c. To provide technical staff back-up.

d. To undertake training of Nigeria Immigration Personnel.

e. To bear the cost of all relevant equipment.

f. To hand over all the equipment to the Ministry at the end of the contract.

The Ministry undertakes as follows:

18

(a) The Ministry shall provide suitable office accommodation for CERPAC centres to be established at the Eight (8) Zonal offices.

(b) The Ministry shall provide a suitable accommodation for the Central Data Bank in Abuja.

(c) The Ministry shall provide operational vehicles.

## TAXES LEVIES DUTIES E.T.C.

The Ministry and the Contractor shall jointly bear and pay all withholding taxes VAT fees levies and other relevant charges in connection with this agreement as may be imposed under Federal or State Laws in Nigeria in the ratio of 60: 40.

## INDEMNITY

Each party shall be liable to indemnify the other in respect of all costs and expenses incurred on account of the breach or non-performance of any covenant under this agreement by the party.

## COPYRIGHT

The copyright in the design shall vest absolutely in the Contractor who shall only produce the CERPAC cards on the order of the Ministry.

## NON-DISCLOSURE:

The Parties shall keep secret all information disclosed or communicated to the other before or after the date of this Agreement (other than such information which is in the public domain through no default of the parties) and shall not at any time publish, communicate or disclose the same to any third party in any way whatsoever without the prior written consent of the other party but shall use such information only for the purpose of the CERPAC project.

5


## WAIVER OR IMMUNITY

The Ministry irrevocably waives to the fullest extent permitted by law, all immunity from jurisdiction, liability and execution both before and after judgment to which the Ministry might otherwise be entitled in any court or Arbitration panel in Nigeria.

## ENTIRE AGREEMENT WAIVER:

a.  This Agreement embodies the entire contract between the parties with respect to the subject-matter hereof and there are no prior representations, warranties or agreements relating thereto. It shall not be modified except by a duly signed instruction in writing. No servant officer or agent of either party has authority to vary it other than by such an instrument.

b.  The waiver by either party or any breach of any provision hereof shall not be cosntrued to be a waiver of any subsequent breach of such provision or waiver of this Agreement.

c.  If any provision of this contract is or becomes legally defective, the validity of the remaining provisions shall not be affected thereby. Any ineffective or inadmissible provision shall be replaced by a legally effective provision that comes as close as possible to the intention of the parties hereto. The same applies analogously to any gap in the provisions that may become evident.

**FORCE MAJEURE**

    a.    Neither party shall be liable to delay or failure in the performance of any obligation hereunder, except as regards the payment of money already due and payable if performance has been delayed, hindered, or interfered with or if it is a cause and/or a consequence resulting from/or due to Acts of God or Public Enemy, Fire, Flood, Epidemic, Quarantine restrictions, Freight embargoes, Strikes and Usually severe weather, Typhoons, Earthquakes of extremely severe intensity, Volcanic eruptions etc.

    b.    Lock-out or Riot embarked upon by the Contractor's personnel shall not be deemed as Force Majeure.

    c.    Either party claiming to be affected by such event shall give immediate notice in writing of such claims to the other party giving all particulars thereof and giving prompt notice in writing of the cessation of such event.

    d.    Each party shall do all it can to remedy the event of Force Majeure as soon as possible and resume performacne of its obligations without delay by the mutual agreement between the parties including revised performance periods and prices.

**ARBITRATION:**

2

In the event of any dispute claim or difference which may arise out of or in relation to this contract and touching on the performance or breach thereof, the same shall first be settled amicably between the parties hereto and failure to reach settlement, the matter shall be referred to arbitration in accordance with the provisions of the Arbitration and Concilliantion Act Cap. 19 Vol. 1 Laws of the Federation of Nigeria 1990. The party wishing to refer the matter to arbitration shall serve on the other party a 7 days notice to refer the matter to arbitration. On receipt of such notice, both parties shall appoint an arbitrator who shall preside over the matter. The Law governing the proceedings shall be Nigeria Law and the award of the arbitratiors shall be final and binding on all the parties hereto.

## GOVERNING LAW

The contract shall be governed and construed in accordance with the Laws of the Federal Republic of Nigeria.

## EFFECTIVE DATE OF CONTRACT

The Agreement shall be effective for 5 (five) years exclusive of the one year preparatory period.

**IN WITNESS WHEREOF** the parties hereto have hereunder set their hands and seals the day and year first above written.

**SIGNED SEALED AND DELIVERED** for and on behalf of the Federal Ministry of Internal Affairs by:

...................................................
PERMANENT SECRETARY

In the presence of:
SIGNATURE: ..................................
NAME OF WITNESS: Franklin B.I. Ricolum
ADDRESS: Federal Ministry of Internal Affairs
OCCUPATION: Civil Servant

The Common Seal of the within-named Company was hereunto affixed in the presence

...................................................            ...................................................
DIRECTOR                                                              SECRETARY