UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONTINENTAL TRANSFERT TECHNIQUE LIMITED, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )   Civil Action No. 08-2026 (PLF) |
| FEDERAL GOVERNMENT OF NIGERIA, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

MEMORANDUM OPINION

This is an action to enforce an arbitral award issued in the United Kingdom under Nigerian law. On July 12, 2010, Plaintiff Continental Transfert Technique Limited ("Continental") moved for summary judgment against the defendants, the Federal Government of Nigeria, the Attorney General of Nigeria, and the Minister of the Interior of Nigeria (collectively, "Nigeria"). Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will grant Continental's motion for summary judgment.[1]

---

[1] The papers filed in connection with this matter include: Continental's motion for summary judgment ("Mot."); Nigeria's opposition to Continental's motion ("Opp."); Continental's reply to Nigeria's opposition ("Reply"); and the status report filed by Continental on January 11, 2011 ("Status Report"). Continental's motion for summary judgment is accompanied by a declaration from Continental's counsel. Several documents are attached as exhibits to that declaration. The Court refers to those documents as exhibits to the motion itself.

I.  BACKGROUND

The detailed factual background of this case is summarized in this Court's prior Opinion denying Continental's motion for default judgment and Nigeria's motion to dismiss Continental's petition.  See Continental Transfert Technique Ltd. v. Federal Government of Nigeria, 697 F. Supp. 2d 46, 52-55 (D.D.C. 2010).  A more concise statement of relevant facts will suffice here to explain the Court's decision on the pending motion for summary judgment.

In 2007, Continental and Nigeria entered arbitration to resolve a contract dispute. Mot., Ex. 4 (the arbitral award) ¶ 25.  On August 14, 2008, the arbitrators issued their decision, awarding Continental 29.6 billion Nigerian *naira*.  Id. ¶ 139.  Nigeria was also ordered to pay Continental's costs and 95% of the costs of arbitration.  Id.

On December 9, 2008, Continental applied to have the arbitral award recognized in the United Kingdom.  See Mot., Ex. 6.  The United Kingdom's High Court of Justice ("the English court") issued an order confirming the arbitral award as final and enforceable ("the English judgment") on June 24, 2009.  See Mot., Ex. 10.  On November 23, 2009, Nigeria applied to the English court to set aside or stay the order of June 24, arguing that because Nigeria was challenging the award in Nigeria's Federal High Court ("the Nigerian court"), see infra at 3, all other proceedings should be stayed pending a final determination by the Nigerian court.  See Mot., Ex. 12 ¶ 6.  On March 30, 2010, the English court stated that "all the various discretionary factors [to be weighed in deciding whether to stay enforcement of a judgment] . . . come down heavily on the side of [Continental]."  Id. ¶ 31.  Nevertheless, the English court stayed enforcement of the judgment on the condition that Nigeria provide security of £100 million

within 28 days.  Id. ¶ 32.  Continental claims, and Nigeria does not dispute, that the required bond was never posted.  Mot. at 9.

On November 24, 2008, Continental filed in this Court its complaint to enforce the arbitral award under the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *opened for signature* June 10, 1958, 21 U.S.T. 2517, *reprinted in* 9 U.S.C. § 201 (historical and statutory notes) ("the New York Convention").  On November 18, 2009, Continental amended its complaint, adding a claim for enforcement of the English court's June 2009 judgment pursuant to the District of Columbia's Uniform Foreign-Money Judgments Recognition Act, D.C. CODE §§ 15-381 *et seq*.

Concurrent with the actions in the United States and the United Kingdom, Nigeria initiated proceedings before the Nigerian court to vacate the arbitral award and to restrain Continental from attempting to enforce it in the meantime.  While that action was pending before the Nigerian court, Nigeria moved to dismiss Continental's amended complaint before this Court, arguing primarily that enforcement would be inappropriate in light of the ongoing attempt to vacate the award in Nigeria.  See Continental Transfert Technique Ltd. v. Federal Government of Nigeria, 697 F. Supp. 2d at 55.  This Court denied that motion on March 23, 2010.

On July 12, 2010, Continental filed its motion for summary judgment.  While that motion was pending, Continental filed a status report in which it indicated that the Nigerian court had ruled on the validity of the arbitral award.  Status Report at 1-2.  Continental attached to the Status Report a copy of the Nigerian court's judgment, in which that court found that the arbitral award "cannot be set aside" and "is VALID and ENFORCEABLE."  Status Report, Ex. A at 4

(emphasis in original).  Because Nigeria has not responded to Continental's Status Report in any way, the Court presumes that Continental has accurately represented the findings of the Nigerian court.

## II.  ENFORCEMENT OF THE ARBITRAL AWARD

The New York Convention "provides that signatory nations are to recognize and enforce arbitral awards rendered in other nations." Termorio S.A. E.S.P. v. Electranta S.P., 487 F.3d 928, 933 (D.C. Cir. 2007); see New York Convention, art. III.  A court "must grant [a] [p]etition to [r]ecognize and [e]nforce [an] arbitral award unless it finds one of the grounds for refusal . . . of recognition or enforcement of the award specified in the . . . Convention." In re Chromalloy Aeroservices, Inc., 939 F.Supp. 907, 909 (D.D.C. 1996) (citation and internal quotation marks omitted). "The hearing on [a petition to enforce an award under the New York Convention takes] the form of a summary procedure in the nature of federal motion practice." Termorio S.A. E.S.P. v. Electranta S.P., 487 F.3d at 940; see Jiangsu Changlong Chems., Co. v. Burlington Bio-Med. & Scientific Corp., 399 F.Supp.2d 165, 168 (E.D.N.Y. 2005) (stating that enforcement of an arbitral award "is characterized as a 'summary proceeding' that merely converts what is already a final decision into a judgment of a court."). "Summary judgment under Rule 56 is appropriate where the pleadings and the record 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Termorio S.A. E.S.P. v. Electranta S.P., 487 F.3d at 941 (quoting Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1041 (D.C. Cir. 2003)).

Nigeria argues that either these proceedings should be stayed or the amended complaint should be dismissed because (1) the Nigerian proceedings will likely lead to a vacatur of the award; (2) Nigeria cannot challenge the substance of the award elsewhere; and (3) international comity weighs in favor of a stay. Opp. at 6, 9-10. These arguments are unpersuasive for two primary reasons. First, the Court has already considered and rejected Nigeria's argument that this matter should be stayed or dismissed on forum non conveniens grounds or in light of the Nigerian court's consideration of Nigeria's challenge to the arbitral award. See Continental Transfert Technique Ltd. v. Federal Government of Nigeria, 697 F. Supp. 2d at 58, 61-62. Second, the premise underlying Nigeria's arguments no longer exists: the Nigerian proceedings have now been resolved in favor of Continental. Status Report at 1-2 & Ex. B at 141. As a result, there is no reason to refuse to enforce the award.

### III.  ENFORCEMENT OF ENGLISH JUDGMENT

The Uniform Foreign-Money Judgment Recognition Act ("UFMJRA") provides that a satisfactory "foreign-money judgment is enforceable in the same manner as the judgment of a sister jurisdiction which is entitled to full faith and credit." D.C. CODE § 15-382. A "foreign-money judgment" is "any judgment of a foreign state granting or denying recovery of a sum of money." D.C. CODE § 15-381(2). The UFMJRA "applies to any foreign-money judgment that is final and conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal." D.C. CODE § 15-387.

Nigeria has failed to contest Continental's claim that the order entered on June 24, 2009 by the English court is enforceable by this court under the UFMJRA; indeed, Nigeria's

memorandum in opposition to Continental's motion for summary judgment does not even mention Continental's UFMJRA claim. The English court ordered on June 24, 2009, that "judgment be entered against [Nigeria]" in the amounts set down in the arbitral award. Mot., Ex. 10. Although a stay was granted by the English court on the condition that Nigeria would provide £100 million in security pending the final outcome of the Nigerian proceedings, the record contains no evidence, and Nigeria does not claim, that the required bond was ever posted. Consequently, the English order remains enforceable under the UFMJRA.

## IV.  CONCLUSION

For the foregoing reasons, Continental's motion for summary judgment is granted. An Order consistent with this Memorandum Opinion shall issue this same day.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:   August 3, 2011