UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CONTINENTAL TRANSFERT TECHNIQUE LIMITED | ) ) ) | |
| Plaintiff | ) ) | |
| -against- | ) ) ) ) | Case No. 1:08-cv-2026(PLF) |
| THE FEDERAL GOVERNMENT OF NIGERIA, ATTORNEY GENERAL OF THE FEDERATION, and MINISTER OF THE INTERIOR, | ) ) ) ) ) | |
| Defendants | ) | |
| ---------------------------------------------------------------- | | ) |

## DEFENDANT NIGERIA'S SUPPLEMENTAL
## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, The Federal Government of Nigeria, Attorney General of the Federation, and

Minister of the Interior, ("Nigeria" or the "Nigerian Government"), by their attorneys,

respectfully submit this supplemental memorandum pursuant to the Order of this Court dated and

filed on March 27, 2012.

PRELIMINARY STATEMENT

Before addressing each of the issues raised by this Court in its Order of March 27, 2012,

it is respectfully submitted that the Court erred in granting to plaintiff, Continental Transfert

Technique Limited, a relief which the plaintiff did not seek - relief under Rule 59(e). Indeed,

1

Continental disavowed Nigeria's suggestion that it was making a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure and insisted that "Rule 60 is the proper mechanism for such a calculation". <u>See</u> Continental's Reply in Further Support of Rule 60(a) Motion - Dkt. No. 52, at page 4. Faced with this position by Continental, it was error for this Court to proceed, as it did, to construe Continental's Rule 60 motion "as a Rule 59(e) motion to alter or amend the judgment". <u>See</u> Opinion, Dkt. No. 57, at page 7. One has been unable to locate any governing case law or statute which allows this Court to treat the Rule 60(a)  motion of a party represented by counsel, like Continental, to be treated as a Rule 59(e) motion in the face of the party's insistence that it was not moving pursuant to Rule 59(e).

Having said that, Nigeria will now deal with the following issues raised by this Court in the order in which those issues were raised:

(1)    whether Continental was entitled at the time of judgment to conversion of its foreign-currency awards into U.S. dollars at the specified exchange rates;

(2)    whether Continental's request for such conversion after judgment satisfies the requirements of rule 59(e) for altering or amending a judgment;

(3)    whether Continental was entitled at the time of judgment to prejudgment interest at a rate of eighteen percent; and

(4)    whether Continental's request for such interest after judgment satisfies the requirements of Rule 59(e) for altering or amending a judgment.

## <u>ARGUMENT</u>

**Legal Standard Governing Rule 59(e) of the Federal Rules of Civil Procedure**

In <u>Niedermeier v. Office of Baucus</u>, 153 F. Supp.2d 23, 28 (D.D.C. 2001), the court held that "Motions under Fed. R. Civ. P 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances". The court cited <u>Anyanwutaku</u>

2

v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998) ("Rule 59(e) need not be granted unless the district court finds there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice"). It is not an opportunity for a party to bring before the court theories or arguments which could have been advanced earlier.

It appears that Continental's claim is that manifest injustice would result if the Court does not grant it relief under Rule 59(e). The tests for showing  "manifest injustice" under Rule 59(e) are very demanding.  Piper v. U.S. Dept. of Justice, 312 F. Supp.2d 17, 21 (D.D.C.,2004). The D.C. Circuit Court of Appeals in Ciralsky v. Central Intelligence Agency, 355 F.3d 661, 673 (D.C. Cir. 2004), concluded that "manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.". (internal quotations omitted). See also, Fox v. American Airlines, Inc. 389 F.3d 1291, 1296, (D.C. Cir. 2004). Continental has failed meet the exacting standards which will entitle it to a Rule 59(e) review.


1.      **Continental was <u>Not</u> Entitled at the time of Judgment to Conversion of its Foreign-currency Awards into U.S. dollars at the Specified Exchange Rates**

It is to be noted from the outset that there are several distinct components to the question raised by this Court in connection with the above. These deal with Continental's: a) *entitlement at the time of judgment* to; b) *conversion of its foreign-currency awards into U.S. dollars*; c) *at the specified exchange rates*. It is submitted that all three components must be resolved in favor or Continental for it to be entitled to relief. For example, if )a) and (b) above are resolved in favor of Continental and it is found that Continental is *not entitle to the specified exchange rate*,

3

then the question must be resolved against Continental. It is to be further noted that at *the time of the judgment* in the question raised refers to the time when the judgment of this Court was filed i.e. August 3, 2011. See Dkt. 46.  Continental is therefore in error when it argued in favor of the specified exchange rate at the *time of the award* (arbitral) instead of the specified exchange rate at *the time of the judgment* as called for by this Court's Order and Opinion.  See DE 56 and DE 57.

Most federal and state courts faced with the foreign currency conversion issue have adopted the two rule doctrine established by the Supreme Court in Hicks v. Guinness, 269 U.S. 71 (1925) and Die Deutsche Bank Filiale Nurnberg v. Humphrey, 272 U.S. 517 (1926)[1]. "The two rule doctrine dictates the proper use of either the breach date or the judgment date for conversion of damages into United State dollars". *Id* , at 166-167.

Continental's contention that the "breach day" principle or doctrine applies to this case is simply wrong. Its citation to G.E. Transp. S.P.A. v. Republic of Albania, 693 F. Supp.2d 132 (D.D.C. 2010), and reliance on the Restatement (Third), are misplaced. First, *G.E. Transp* is a *default judgment* case. It was not contested and the Court did not have the advantage of opposing counsel presenting it with arguments on both sides of the issue. Secondly, the case does not discuss the *two rule doctrine* applicable to conversion of foreign currencies which the United States Supreme Court established and which is discussed above.

Under the specific facts and circumstances of this case, it is the "judgment day" principle which governs, not the "breach date" principle, as Continental would have it. The breach of a

---

[1] For a detailed treatment of the subject, see Conversion of Judgments Measured in Foreign Currencies, 39 Wash. & Lee L. Rev. 165 (1982), http://scholarlycommons.law.wlu.edu/wlulr/vol39/iss1/10, at p.166.

foreign money contract *in the United States* creates a claim for dollars as of the date of the breach. <u>Hicks v. Guinness</u>, <u>supra</u>. On the other hand, the *breach of a contract in a foreign country*, creates a claim for a fixed number of units of that country's currency. <u>Die Deutsche Bank Filiale Nurnberg v. Humphrey</u>, <u>supra</u>.  Like United States dollars, foreign currency operates as money in the country of issuance, not as a commodity. Therefore, the claim for foreign money does not fluctuate with the exchange rate. <u>See</u> Conversion of Judgments Measured in Foreign Currencies, <u>Id</u>, at 169.

 This case does not involve a breach of contract which occurred in the United States. According to Continental, the contract was entered into in Nigeria; the denominated currency of the contract was the Nigerian currency (Naira); the contract was to be performed in Nigeria; the contract was breached in Nigeria; and Nigerian law was to govern the contract. <u>See</u> Amended Complaint (Dkt. No. 31) and Exhibits annexed thereto. Continental's underlying claim against Nigeria was given to Continental by Nigerian law and liability to pay Continental was determined in accordance with Nigerian law. The 'judgment day' rule is thus the applicable rule here. <u>See</u> <u>Reissner v. Rogers</u>, 276 F.2d 506, 511 (D.C. Cir. 1960), where the Court applied the rule. ("In this case here is no question that Reissner's underlying claim against Schering was given him by German law and that the liability was to pay him the amount of the debt in German currency. The 'judgment day' rule of Deutsche Bank thus seems clearly applicable").

 An arbitration was held in the United Kingdom at which Continental was awarded monies in *three distinct* currencies: United States Dollars, British Pounds and Nigerian Naira. Continental did not seek to modify or amend the arbitral award. At a later date, Continental sought judgment from a U.K. Court based on the arbitral award and the U.K. court granted

judgment. At the time that Continental sought judgment from the U.K. court, did failed to seek a conversion of any of the non-U.S. currencies. .

It is especially noteworthy that Continental commenced the present action seeking relief in three distinct currencies. Even though Continental amended its complaint herein, it never amended same showing a converted currency or seeking leave of this Court to do so. See Dkt. No. 31.. In its motion papers for summary judgment, Continental sought judgment in the same three currencies. See Dkt. No. 40 and Dkt No. 40-1 to 40-5, Dkt Nos. 43 & 44.  This Court had no choice but to grant only the relief which Continental sought. Continental did not seek any relief for the conversion of the currency of the award and judgment. Continental is represented in this litigation by a very renown and sophisticated business/commercial law firm. They did exactly what they set out to do. The  present motion is an afterthought which should not be countenanced. The upshot is that at the time of the judgment on August 3, 2011, this Court did not make any mistake and Continental was not entitled to a conversion of the foreign monies as claimed.

2.      **Continental's Request for Conversion after Judgment Does <u>Not</u> Satisfy the Requirements of Rule 59(e) for Altering or Amending a Judgment**

As noted by Continental, grant of relief under Rule 59(e) is discretionary. <u>See</u> <u>Ciralski</u>, <u>supra</u>. Continental has made no showing why this Court should exercise its discretion in its favor. It has not explained why it did not seek conversion in its Amended Complaint herein. Moreover, it had several opportunities in the U.K. and here to seek conversion but did not. The claim of manifest injustice rings very hollow coming from Continental which had the control of what claims they chose to put before this Court. As noted by the D.C. Circuit Court of Appeals

in <u>Ciralsky</u>, at 673,  "manifest injustice does not exist where, as here, a party could have easily

avoided the outcome, but instead elected not to act until after a final order had been entered.".

(internal quotations omitted).

In response to Continental's claim that it "originally requested a judgment in U.S. dollars

and set forth a specific converted U.S. dollar amount", this is incorrect. The Amended Complaint

contains no such converted amount, and Continental cannot by its motion papers for summary

judgment, seek relief which it did not seek in its pleadings. As had been noted above under the

legal standard governing a Rule 59(e) motion, Continental has failed to demonstrate that it has

met the requisite standard.

With regard to entry of a judgment in foreign currency, this Court, in <u>Buckley v.

Paperboy Ventures, LLC</u>, Civil No. 11-00208, held that,  "Depending on the circumstances,

courts may: a) apply the "day of judgment" rule, calculating damages based on the prevailing

exchange rate on the date of judgment; b) apply the "breach day" rule, calculating damages

based on the prevailing exchange rate at the time of the breach; or c)  simply award damages in

the foreign currency denominated in the agreement. Citing,  <u>Elite Entm't, Inc. v. Kwela Bros.

Entm't Inc</u>., 396 F. Supp.2d 680, 694 (E.D. Va. 2005). Other federal district courts have also held

that a federal court has authority to issue a money judgment in foreign currency. <u>See</u> <u>Mitsui &

Co., Ltd. V. Oceantrawl</u>, 906 F .Supp. 202 (S.D.N.Y. 1995); <u>In Re Oil Spill By the Amoco

Cadiz</u>, 659 F.2d 789 (7th Cir. 1981) (Congress repealed this section [5101]of Coinage Act of

1792, there is now no bar to judgment in the appropriate currency)

Based upon this Court's authority to issue a judgment in Nigerian currency, Continental's

arguments that it will suffer manifest injustice if the foreign currencies in the award were not

converted to U.S. dollars is untenable. When Continental went before the English courts to seek

a judgment confirming the award, it also failed to seek conversion. Finally, when it came before

this Court, it failed to seek conversion until *after* judgment had been entered herein on August 3,

2011. This is an issue which Continental could have properly raised before but failed to.

Issues that "could have been raised previously" cannot form the basis of post-judgment

relief under Rule 59. Kattan by Thomas v. District of Columbia, 995 F.2d at 276; see id. at 277

(finding that defendant waived issue "by not raising it in a timely manner" before judgment.. [a

party] may not use a Rule 59 motion to raise new issues that could have been raised

previously").); Int'l Painters and Allied Trades Indus. Pension Fund v. Design Technologies, 254

F.R.D. at 18, 19 (observing that Rule 59 motions are not granted where "the moving party is

using the motion to assert arguments that could have been raised prior to final judgment ...could

have been timely submitted to the Court if Plaintiff had exercised due diligence") (Emphasis

added).Continental cannot claim manifest injustice for its three consecutive failures: failure to

seek modification of the arbitral award to reflect only dollar awards; failure to seek judgment

from the U.K. court in dollars only; and its failure to initially make a claim before this Court in

dollars only.

**3.      Continental Was Not Entitled At the Time of
          Judgment to Prejudgment Interest at a Rate of 18%**

Nigeria submits that this question was fully answered by the final arbitration award itself.

By definition, the kind of *prejudgment* interest which Continental is seeking in this case is the

same as a *post-arbitration* interest award. In other words, Continental is asking this Court to

award interest on the final arbitration award from the date of the award to August 3, 2011, the

date of judgment. The arbitration panel awarded pre-arbitration interest but did not award any

post-arbitration interest. That is a clear indication that the panel did not wish to award such

interest. Had the panel intended to make such an award, it would have done so in very simple

terms. That being the case, for this Court to now award prejudgment interest will amount to a

modification of the final arbitration award which this Court lacks the authority to do.

An award which contradicts the clear intention of the arbitration panel not to award prejudgment

interest cannot be consistent with the New York Convention. The citation to the

> D.C. Code § 15-108 reads:

>> In an action in the United  States District Court for the District of
>> Columbia or the Superior Court of the District of Columbia to
>> recover a liquidated debt on which interest is payable by contract or by
>> law or usage the judgment for the plaintiff shall include interest on the
>> principal debt from the time when it was due and payable, at the rate
>> fixed by the contract, if any, until paid.

D.C. Code §15-108.  The are several pre-requisites that must be satisfied before D.C. Code

§15-108 is applied, namely,  the action must be one to recover a liquidated debt, and the interest

must be payable on the debt by contract or by law or usage. If these factors are met, prejudgment

interest will be awarded on the principal debt from the time it was due and payable.


### A. Liquidated Debt and Time the Debt Became Due and Payable

A liquidated debt must be an easily ascertainable sum certain at the time it arose.  M

Pierre Equip. Co. Inc. v. Griffith Consumers Co., 831 A.2d 1036, 1041 (D.C. 2003). The

underlying claim was for breach of contract which was submitted to arbitration. It was not a

liquidated debt or claim. Damages were awarded by the final arbitration award and was made a judgment in the U.K. judgment. The parties had not agreed on the prevailing interest rate for a breach and the underlying contract contained no liquidated damages clause nor rate of interest provision. For this reason, Continental has failed to show that D.C. Code §15-108 applies to its claims herein.

### B.   Payable by Contract or Law or Usage

Assuming that the subject judgment represented a liquidated debt due and payable by Nigeria, Continental has failed to demonstrate that the debt is payable *by contract* or *by law* or *usage*. Indeed, it is undisputed that Nigeria has never had a contractual obligation to pay any prejudgment or post-judgment interest to Continental. And, a review of the case law indicates that such interest is not payable by any law or usage either. As stated by the D.C. Court of Appeals, law or usage refers to "what is customary under similar or comparable circumstances." Riggs Nat'lBank v. District of Columbia, 581 A.2d 1229, 1255 (D.C. 1990).

Although "a plaintiff is not required to demonstrate a customary usage of awarding prejudgment interest on the specific type of claim at issue, . . . 'such interest [must have] been held to be recoverable in a case which [is] viewed as analogous in principle.'" Nolen v. District of Columbia, 726 A.2d 182, 185 (D.C. 1999) (quoting Riggs, 581 A.2d at 1255). The decisional authority and the New York Convention, all relied on by Continental, represent very different situations and do not govern the issue at bar. No rate of interest is fixed by contract here. And no usage fixes a rate either. In either case, D.C. Code §15-108 does not apply. The Court cannot arbitrarily chose a rate of interest for the parties for a post-award interest when such an award

was not contemplated by the parties, nor was same claimed or awarded in their arbitration.

### C.   Exercise of Discretion to Award Pre-Judgment Interest

Under District of Columbia law, courts have a 'wide range of discretion' to determine whether prejudgment interest should be awarded. <u>Edmund J. Flynn Co. v. LaVay</u>, 431 A.2d 543, 550 n.6 (D.C. 1981)), and that in a conversion action, ''pre-judgment interest may be included as part of the damages to the extent that it will make the injured party whole. <u>Duggan v. Keto</u>, 554 A.2d 1126 (D.C. 1989). An additional problem presented by this case is the fact that Continental is seeking *prejudgment* interest, presumably to be awarded by this Court and made payable in U.S. dollars, when Continental has failed to show that it entitled to a conversion of the principal award to dollars. Nor has it shown at what rate assuming that a conversion may be made. Finally, one more problem is added to the situation by the U.K. judgment which Continental is seeking to enforce. An award of pre-judgment interest in this case will produce results which are inconsistent with the enforcement of the U.K. judgment which this Court already recognized.

### 4.   Continental's Request for Prejudgment Interest after Judgment Does Not Satisfy the Requirements of Rule 59(e) for Altering or Amending a Judgment

Put differently, the Court has asked whether Continental has satisfied the requirements of Rule 59(e) for altering or amending a judgment. Contrary to Continental's impression, the question is not whether Continental would have been entitled to prejudgment interest before judgment.

As already demonstrated in <u>Points</u> 2 and 3 above, an award of post arbitration, prejudgment interest conflicts with the final arbitration award itself. Moreover, Continental has

failed woefully to carry its burden that this Court should exercise its discretion in Continental's

favor under Rule 59(e). Continental failed in its due diligence in seeking appropriate relief from

the time of the final award to the judgment of this Court.


<u>CONCLUSION</u>

For all of the foregoing reasons, this Court should deny Plaintiff's motion in its entirety

with substantial motion costs in favor of the Defendants.


Dated: New York, New York
       May 30, 2012



                        Respectfully submitted,
                        THE FEDERAL GOVERNMENT OF NIGERIA,
                        ATTORNEY GENERAL OF THE FEDERATION,
                        AND MINISTER OF THE INTERIOR
                        By Counsel

                        DUNLAP, GRUBB & WEAVER, PLLC
                        5335 Wisconsin Avenue, NW, Ste 440
                        Washington, DC 20015
                        Phone: 202-316-8558
                        Fax:    202-318-0242



                        _____/s/ K.C. Okoli_____
                        Kenechukwu C. Okoli (Pro Hac Vice)
                        LAW OFFICES OF K.C. OKOLI, P.C.
                        330 Seventh Avenue, 15th Floor
                        New York, New York 10001
                        Phone: 212-564-8152
                        Fax: 212-268-3443
                        Kcokoli@verizon.net


12