UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONTINENTAL TRANSFERT TECHNIQUE LIMITED )<br>)<br>Plaintiff )<br>)<br>-against- )<br>)<br>)<br>THE FEDERAL GOVERNMENT OF NIGERIA, )<br>ATTORNEY GENERAL OF THE )<br>FEDERATION, and MINISTER OF THE )<br>INTERIOR, )<br>)<br>Defendants )<br>_____ ) | Case No. 1:08-cv-2026(PLF) |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION BY DEFENDANTS TO STRIKE
NOTICE OF DEPOSITION AND FOR PROTECTIVE ORDER**

Defendants, The Federal Government of Nigeria, Attorney General of the Federation, and Minister of the Interior, ("Defendants" or the "Nigerian Government"), by their attorneys, respectfully submit this memorandum of law in support of their motion: 1) to strike the Notice of Deposition dated January 14, 2014; and 2) for protective order from this Court against any discovery in this matter by the plaintiff, pending the hearing and determination of the appeal in this matter now pending before the United States Court of Appeals for the District of Columbia Circuit; and 3) for such further or other relief as the Court deems just and proper in the circumstances.

**PRELIMINARY STATEMENT**

Plaintiff is a Nigerian corporation which obtained a judgment of this Court against the Nigerian Government in which this Court, *inter alia*, granted summary judgment to the

defendants, and ordered that the arbitration award rendered in the U.K. on August 14, 2008 is confirmed; and that the order issued by the United Kingdom's High Court of Justice on June 24, 2009 is enforceable under the D.C. Uniform Foreign Money Judgment Recognition Act. *See* Document 61, filed 03/26/13. Defendants duly appealed the aforesaid judgment which appeal is currently pending before the United States Court of Appeals for the District of Columbia. *See* USCA Case #13-7068, Document #1433399, filed 04/30/2013. Nine months after the appeal against the aforesaid judgment had been filed, and long after the parties had completed their briefing on the appeal, plaintiffs served an overbroad Notice of Deposition upon the defendants. Said Notice of Deposition does not seek information regarding any specific asset or property. Rather, it seeks, among other things, information regarding "Any property or assets located in the United States" and "Any bank accounts … in the United States." *See* Exhibit A (Notice of Deposition). For the reasons stated hereunder, the notice of deposition should be stricken and the Nigerian Government should be granted a protective order against any discovery by the plaintiff pending the hearing and determination of the appeal pending against the judgment the execution of which plaintiff is seeking discovery.

      The Nigerian Government is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA") and, hereby, asserts its sovereign immunity from *attachment, arrest and execution* in this matter. The Nigerian Government has not waived immunity from arrest, execution and attachment, nor has plaintiff identified any specific property in this litigation which "is or was used for the commercial activity upon which the [underlying claim] is based." *See* FSIA, 28 U.S.C. § 1610(a)(2).

# **ARGUMENT**

## POINT I

### NIGERIAN GOVERNMENT IS IMMUNE FROM ARREST AND EXECUTION

It is generally "recognized that the FSIA's immunity provisions aim to protect foreign sovereigns from the burdens of litigation, *including the cost and aggravation of discovery.*" *Rubin v. Islamic Republic of Iran*, 637 F.3d 783, 795 (7th Cir. 2011) (citations omitted) (emphasis supplied); *see also Foremost-McKesson, Inc. v Islamic Republic of Iran,* 905 F.2d 438, 449 (D.C. Cir. 1999) (involving immunity from suit). It is submitted that there is no rationale for not applying the same immunity analysis to immunity from 'arrest' and 'execution.' The Nigerian Government is a foreign state or foreign sovereign. Therefore, it is immune from arrest, execution and attachment under FSIA. This treatment of sovereign immunity is consistent with the Supreme Court's treatment of other immunities, e.g. the qualified immunity of governmental officials. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) ("The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." (quotation marks omitted)).

To the extent that the Notice of Deposition under consideration in this matter ***requires*** the appearance of the Nigerian Government to answer questions, failing which the Nigerian Government will be subjected to the process of this Court, said deposition notice constitutes an "arrest." One of the definitions of "Arrest," is "To deprive a person of his liberty by legal authority." *See Black's Law Dictionary*, Centennial Edition (1990). For a person to be required to appear on behalf of the Nigerian Government will deprive that person of their liberty, albeit temporarily. The deprivation of liberty need not be permanent to constitute an arrest. Nor does it have to be for any substantial amount of time. It is sufficient that the person whose liberty is

involved cannot ignore the notice of deposition without adverse consequences. Indeed, the person to whom the notice is directed *must* take certain steps. *See* Fed. R. Civ. P. 30(b)(6). Failure to take the mandated steps will result in adverse consequences for the party, which in this case is a foreign sovereign and the official representatives of that sovereign.

The notice of deposition cites Rule 69 of the Federal Rules of Civil Procedure which is clearly aimed at "Execution." In other words, the notice of deposition herein is an "arrest" in aid of "execution" of judgment. As noted above, the Nigerian Government has not waived its immunity from 'arrest' and 'execution'. The plaintiff herein bears the burden of producing evidence to show that immunity should not be granted. *FG Hemisphere Associates, LLC v. Democratic Republic of Congo*, 47 F.3d 835, 842 (D.C. Cir. 2006); 28 U.S.C. §1610(a)(2).

POINT II

NIGERIAN GOVERNMENT IS IMMUNE FROM OVERBROAD DISCOVERY

Without conceding that plaintiff is so entitled, assuming that plaintiff is entitled to obtain any discovery from the Nigerian Government, the notice of deposition which does not identify any specific property or assets targeted for execution must be quashed. The Court, in exercise of its powers under Fed. R. Civ. P. 26(c)(1)(A), should forbid the aforesaid wide-ranging nationwide discovery of the assets and property of the Nigerian Government regardless of whether or not they are used for commercial purposes connected with the underlying action.

In *Arriba Ltd v. Petroleos Mexicano*, the Fifth Circuit Court of appeals aptly took note of the "tension between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign or sovereign agency's legitimate claim to immunity from discovery." 962 F.2d. 528, 534 (5th Cir. 1992). While *Arriba* involved Section 1604 jurisdictional

immunity, the same tension has been recognized to be present when attachment immunity under Section 1609 is at stake. *See Rubin,* 637 F.3d at 795 ("The district court's decision to order nationwide discovery of all Iranian assets fails to appreciate this basic point."). Likewise, the plaintiff's attempt to obtain nationwide discovery from the Nigerian Government fails to appreciate this same basic point.

Besides, plaintiff herein did not seek discovery for months and is only now seeking this improper nationwide discovery after the appeal of the judgment is now fully briefed before the D.C. Circuit Court of Appeals. In the event that the appeal is successful, the Nigerian Government would have been put through a costly and disruptive discovery process by the plaintiff herein.

## CONCLUSION

For any of the foregoing reasons, the notice of deposition should be quashed and a protective order issued in favor of the Nigerian Government against any similar notice of discovery pending the hearing and determination of the appeal of the judgment of this Court.

Dated: March 10, 2014                    Respectfully submitted,

                                         THE FEDERAL GOVERNMENT OF NIGERIA,
                                         ATTORNEY GENERAL OF THE FEDERATION,
                                         AND MINISTER OF THE INTERIOR,
                                         By Counsel

                                                 */s/* David Ludwig
                                         David Ludwig, DC Bar #975891
                                         *DUNLAP*WEAVER PLLC
                                         211 Church Street SE
                                         Leesburg, VA 20175
                                         Phone: 703-777-7319
                                         Fax: 703-777-3656
                                         dludwig@dunlapweaver.com

        Kenechukwu C. Okoli (*pro hac vice*)
        LAW OFFICES OF K.C. OKOLI, P.C.
        330 Seventh Avenue, 15th Floor
        New York, New York 10001
        Phone: 212-564-8152
        Fax: 212-268-3443

        *Attorneys for the Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that this 10th day of March 2014, a true and correct copy of the foregoing was filed with the Court's ECF system, which sent a Notice of Electronic Filing (NEF) to the following counsel of record for plaintiff:

Shaun M. Gehan
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007

Paul F. Doyle
Joel A Hankin
Melissa E. Byroade
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178

*Attorneys for Plaintiff Continental Transfert Technique Limited*

        /s/ David Ludwig_____
        David Ludwig, DC Bar #975891
        *DUNLAP*WEAVER, PLLC
        211 Church Street SE
        Leesburg, VA 20175
        Phone: 703-777-7319
        Fax: 703-777-3656
        dludwig@dunlapweaver.com