UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CONTINENTAL TRANSFERT**
**TECHNIQUE LIMITED,**

    Plaintiff,

    v.                                                      Civil Action No. 08-2026 (PLF/JMF)

**THE FEDERAL GOVERNMENT OF**
**NIGERIA, ATTORNEY GENERAL OF**
**THE FEDERATION, and MINISTER OF**
**THE INTERIOR,**

    Defendants.

## MEMORANDUM OPINION

This case was referred to me for discovery. Currently pending and ready for resolution is Motion by Defendants to Strike Notice of Deposition and for Protective Order [#70]. For the reasons stated below, consideration of the motion will be deferred until the appeal is resolved.

Plaintiff in this case is Continental Transfert Technique Limited, a Nigerian corporation with its principal place of business in Lagos, Nigeria. Amended Complaint [#31] at ¶ 7. Defendants (the Federal Government of Nigeria, Attorney General of the Federation, and Minister of the Interior) are a foreign state, or are agencies or instrumentalities of that state. Id. at ¶ 8.

On May 25, 1999, plaintiff entered into a contract with defendants to manufacture computer-compatible identification cards known as Combined Expatriate Residence Permit and Aliens Cards. Id. at ¶ 11. On February 4, 2002 and on May 23, 2003, addendums were added to the 1999 agreement. Id. at ¶¶ 15, 16.

On November 20, 2007, plaintiff initiated arbitration, as provided by the terms of the original agreement, on the grounds that defendants had failed to adequately perform under the terms of the agreement. Id. at ¶ 17. On August 14, 2008, the arbiters issued their final decision,[1] awarding plaintiff approximately USD$252 million in damages, USD$247,500 in costs, plus USD$238,007 for the cost of arbitration. Id. at ¶¶ 23-27. Plaintiff brings this suit pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 201-208,[2] and the Uniform Foreign-Money Judgments Recognition Act, D.C. Code §§ 15-381 *et seq.* to enforce that award. Id. at ¶¶ 1-2.

On July 12, 2010, plaintiff moved for summary judgment and on March 26, 2013, Judge Friedman 1) granted plaintiff's motion for summary judgment; 2) confirmed the arbitration award rendered on August 14, 2008; 3) ruled that the arbitration award was enforceable under the D.C. Code; 4) granted in part and denied in part plaintiff's motion to amend the judgment; 5) entered judgment for plaintiff in the amount of USD$276,111,640.96; and 6) awarded plaintiff post judgment interest pursuant to 28 U.S.C. § 1961. Amended Order and Judgment [#61] at 1-2. On April 25, 2013, defendants appealed Judge Friedman's order to the U.S. Court of Appeals for the D.C. Circuit. Notice of Appeal [#64].

In their current motion, defendants move the Court to strike plaintiff's January 14, 2014 Notice of Deposition and to enter a protective order barring any further discovery in this case pending a decision by the court of appeals. [#70-1] at 1.

Rule 62.1 of the Federal Rules of Civil Procedure provides the following: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been

---

[1] The final arbitration award was rendered in the United Kingdom by the High Court of Justice, Queen's Bench Division, Commercial Court. Id. at ¶¶ 1-2.
[2] **Error! Main Document Only.**All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). The rule is based on the following basic premise:

> Even before 1979, it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

Therefore, and in accordance with Rule 62.1(a)(1), the Court will defer consideration of the motion until the appeal is resolved.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE