UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONTINENTAL TRANSFERT TECHNIQUE LIMITED, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 08-2026 (PLF) |
| FEDERAL GOVERNMENT OF NIGERIA et al., | ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on the defendants' motion to strike a notice of deposition served upon them by the plaintiff. The motion also seeks a protective order shielding the defendants from discovery during the pendency of the parties' appeal. Because the defendants' request for a protective order has been rendered moot by the recent judgment of the United States Court of Appeals for the District of Columbia Circuit in this matter, the Court will deny that request for relief. As for the motion to strike plaintiff's notice of deposition, the Court finds that further briefing on certain issues is needed. Accordingly, the Court will hold that portion of the motion in abeyance and it will order the parties to file supplemental memoranda.

I.  BACKGROUND

        Plaintiff Continental Transfert Technique Limited ("Continental") initiated this action under the Federal Arbitration Act, 9 U.S.C. §§ 201 et seq. — which codifies the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention") — to confirm a 2008 arbitral award that it obtained in the United Kingdom against

the defendants (collectively, "Nigeria").  Continental also sought to enforce, under the District of Columbia's Uniform Foreign-Money Judgments Recognition Act, D.C. CODE §§ 15-381 et seq., a 2009 judgment by the United Kingdom's High Court of Justice that confirmed the arbitral award as final and enforceable.  This Court granted Continental's motion for summary judgment in August 2011, see Order and Judgment (Aug. 3, 2011) [Dkt. No. 46], and Nigeria filed a timely appeal.  Subsequently, the Court granted a motion filed by Continental seeking a correction of the Order and Judgment to include an award of postjudgment interest.  Continental Transfert Technique Ltd. v. Federal Gov't of Nigeria, 850 F. Supp. 2d 277, 286-89 (D.D.C. 2012).  In a later decision, the Court granted Continental's request to convert the foreign currency parts of its arbitral award into United States dollars.  Continental Transfert Technique Ltd. v. Federal Gov't of Nigeria, 932 F. Supp. 2d 153, 157-63 (D.D.C. 2013).  The Court also granted Continental an award of prejudgment interest, but applied to that award the "prime rate" of interest, rather than the 18% that Continental had sought.  Id. at 163-66.

       Nigeria then appealed the Court's 2013 Amended Order and Judgment, and Continental filed a cross-appeal concerning the Court's application of the prime rate to its award of prejudgment interest.  The D.C. Circuit heard oral argument on October 16, 2014, and on January 16, 2015 the court issued an unpublished judgment in which it affirmed this Court's 2013 Amended Order and Judgment and dismissed Nigeria's appeal from the original 2011 Order and Judgment.  Continental Transfert Technique Ltd. v. Federal Gov't of Nigeria, Nos. 11-7103, 13-7068, 13-7074, 2015 WL 233385 (D.C. Cir. Jan. 16, 2015).

       During the pendency of the appeal, Continental served a notice of deposition upon Nigeria pursuant to Rules 30(b)(6) and 69(a)(2) of the Federal Rules of Civil Procedure, in which it sought to discover information regarding Nigerian assets that could be used to satisfy its

judgment. See Notice of Deposition [Dkt. No. 70-2]. Nigeria filed a motion to strike this notice of deposition, in which it argued both that its sovereign immunity barred the discovery effort, as well as that the notice was overbroad. See Memorandum in Support of Motion to Strike at 3-5 [Dkt. No. 70-1]. In addition, Nigeria requested a protective order to shield it from any discovery during the pendency of the appeal. Id. at 1-2, 5. The motion was referred to Magistrate Judge Facciola, who ultimately concluded that he lacked authority to rule upon the motion while the appeal was pending. See Memorandum Opinion (May 21, 2014) [Dkt. No. 76]. Continental objected to Magistrate Judge Facciola's declination to rule on the motion, and filed a memorandum in support of its objection before this Court. See Dkt. No. 81. Subsequently, as noted, the D.C. Circuit issued its decision in which it affirmed this Court's Amended Order and Judgment. Consequently, the portion of Nigeria's motion seeking a protective order from all postjudgment discovery has been rendered moot. But the motion to strike Continental's notice of deposition remains pending before the Court.

## II. DISCUSSION

In its motion, Nigeria sets forth two principal arguments in support of its request that the notice of deposition be stricken. First, it contends that sovereign immunity protects foreign sovereigns from the burden of discovery, insofar as Continental's Rule 30(b)(6) notice of deposition would subject Nigeria to "arrest" and "execution." See Memorandum in Support of Motion to Strike at 3-4. Second, Nigeria maintains that Continental's notice is overbroad, as it "does not identify any specific property or assets targeted for execution." Id. at 4. Nigeria raises a third argument in its reply memorandum, arguing that as a foreign sovereign it is not the proper subject of Continental's deposition notice for two further reasons: (1) the language of Rule 30(b)(6) of the Federal Rules of Civil Procedure does not include foreign sovereigns within the

3

class of entities to whom such a deposition notice may be addressed; and (2) any deponent whom Nigeria might identify as possessing knowledge of the subject matters sought to be discovered would be either a "high government official" or a diplomat of Nigeria, and these potential deponents therefore would enjoy foreign official immunity or diplomatic immunity. Reply in Further Support of Motion to Strike at 5-6, 9-10.

It appears that foreign sovereign immunity is not a bar to discovery seeking to identify Nigerian assets that could be subject to attachment and execution in satisfaction of this Court's judgment in Continental's favor. See Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250, 2256-58 (2014); see also FG Hemisphere Assocs., LLC v. Dem. Rep. of the Congo, 637 F.3d 373, 377-79 (D.C. Cir. 2011). But the question is what kind of discovery is permissible when a foreign sovereign is involved, and how the information may be obtained. Nigeria has raised serious questions regarding whether a foreign sovereign may be the proper subject of a Rule 30(b)(6) notice of deposition. Because Nigeria did not raise these arguments until its reply brief, however, Continental understandably did not address the question whether, as a practical matter, any Rule 30(b)(6) deponent would enjoy foreign official immunity or diplomatic immunity, rendering the notice of deposition "futile," see Reply in Further Support of Motion to Strike at 10, or whether Rule 30(b)(6) by its terms even covers foreign sovereigns. In the Court's view, these arguments deserve further attention from the parties.

Accordingly, it is hereby

ORDERED that Nigeria's motion to strike and for a protective order [Dkt. No. 70] is DENIED in part and HELD IN ABEYANCE in part; it is

FURTHER ORDERED that Nigeria's motion is denied as moot with respect to its request for a protective order, and held in abeyance with respect to its request that Continental's notice of deposition be stricken; it is

FURTHER ORDERED that on or before February 10, 2015, Continental shall file a supplemental memorandum not exceeding 15 pages in length, addressing in further detail Nigeria's argument that it is not the proper subject of a Rule 30(b)(6) notice of deposition, and also addressing whether Nigeria waived this argument by failing to raise it in its motion; and it is

FURTHER ORDERED that on or before February 25, 2015, Nigeria shall file a supplemental memorandum, not exceeding 15 pages in length, addressing the same issues.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 27, 2015