UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONTINENTAL TRANSFERT TECHNIQUE LIMITED,**<br><br>         **Plaintiff,**<br><br>  v.<br><br>**THE FEDERAL GOVERNMENT OF NIGERIA, ATTORNEY GENERAL OF THE FEDERATION, and MINISTER OF THE INTERIOR,**<br><br>         **Defendants.** | Civil Action No: 08-cv-02026 (PLF/GMH) |

**MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS'
COUNSEL'S MOTION TO WITHDRAW**

# TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ..................................................................................................1

**STATEMENT OF FACTS** .........................................................................................................3

**ARGUMENT**...............................................................................................................................7

I.   THE COURT HAS COMPLETE DISCRETION TO DENY NIGERIA'S
     COUNSEL'S MOTION TO WITHDRAW................................................................7

II.  NIGERIA'S COUNSEL'S WITHDRAWAL WOULD UNDULY DELAY
     THESE PROCEEDINGS AND THEREBY PREJUDICE CONTINENTAL ...................7

**CONCLUSION** .........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barton v. District of Columbia*,
   209 F.R.D. 274 (D.D.C. 2002) .................................................................................. 7-9

*Byrd v. District of Columbia*,
   271 F. Supp. 2d 174 (D.D.C. 2003) ........................................................................... 7-8

*Cont'l Transfert Technique, Ltd. v. Fed. Gov't of Nigeria*,
   308 F.R.D. 27 (D.D.C. 2015) ........................................................................................ 6

*Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*,
   603 F. App'x 1 (D.C. Cir. 2015) .................................................................................... 5

*Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*,
   932 F. Supp. 2d 153 (D.D.C. 2013) ............................................................................... 5

*Cont'l Transfert Technique Ltd. v. Federal Gov't. of Nigeria*,
   [2008] EWHC (QB) 1280 (Eng.) .................................................................................. 3

*Cont'l Transfert Technique Ltd. v. Federal Gov't. of Nigeria*,
   [2009] EWHC (QB) 1280 (Eng.) .................................................................................. 4

*Federal Gov't of Nigeria v. Cont'l Transfert Technique Ltd.*,
   [2010] No. FHC/L/CS/421/2009 ................................................................................... 3

**Statutes**

District of Columbia's Uniform Foreign-Money Judgments Recognition Act, D.C.
   Code §§ 15-1381 *et seq.* ............................................................................................... 4

Federal Arbitration Act, 9 U.S.C. §§ 201-208 ........................................................................ 3

**Other Authorities**

D.C. Civ. R. 83.6(d) ..................................................................................................... *passim*

Plaintiff, Continental Transfert Technique Limited ("Continental"), by and through its attorneys, Kelley Drye & Warren LLP, submits this memorandum of law in opposition to the Motion to Withdraw submitted by counsel for Defendants Federal Government of Nigeria, the Attorney General of the Federation, and the Minister of the Interior (referred to collectively as "Nigeria").

## PRELIMINARY STATEMENT

For years following this Court's entry of an amended order and judgment against Nigeria in the amount of $276,111,640.96, (Dkt. 63, the "Amended Order and Judgment"), Continental has sought post-judgment discovery from Nigeria regarding its assets that are potentially available for execution. Nigeria and its counsel have wholly ignored Continental's post-judgment discovery requests, forcing Continental to involve the Court to seek compliance and further delaying satisfaction of Continental's judgment. (*See* Dkt. 93, Hankin Decl., Exs. C, E, F, H.) Nigeria's counsel's current Motion to Withdraw from the case – a motion which lacks *any* explanation for the withdrawal – threatens to unfairly delay resolution of Continental's earlier filed, and fully submitted Motion for Sanctions following Nigeria's failure to comply with its obligations under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

Nigeria, through counsel, has refused to identify a single witness to testify pursuant to a 30(b)(6) Deposition Notice that Continental served more than two years ago, or even respond to Continental's requests that it do so. (Dkt. 93, Hankin Decl., Ex. A.) By letter dated November 19, 2015, Continental advised Nigeria and counsel that if they failed to identify witnesses by December 15, 2015, Continental would move the Court for appropriate sanctions. (Dkt. 93, Hankin Decl., Ex. H.) Nigeria, unsurprisingly, failed to respond to Continental's November 19, 2015 letter. (Dkt. 93, Hankin Decl., ¶ 12.) As a result of Nigeria's refusal to

1

respond to Continental's requests that it identify 30(b)(6) witnesses and schedule their depositions, Continental moved the Court for sanctions on April 27, 2016. (Dkt. 93.)

Nigeria's deadline to oppose Continental's Motion for Sanctions was May 16, 2016. Nigeria again defaulted and failed to oppose Continental's Motion for Sanctions. On May 26, 2016, Magistrate Judge G. Michael Harvey entered an Order to Show Cause, giving Nigeria until June 3, 2016 to explain why the Court should not grant Continental's motion as unopposed. (Dkt. 94.) On June 3, 2016, rather than show cause as to why Continental's sanctions motion should not be granted pursuant to Magistrate Judge Harvey's request, Nigeria's counsel instead filed a Motion to Withdraw as counsel. (Dkt. 95.) As a result, Magistrate Judge Harvey has stayed the Order to Show Cause pending the adjudication of the Motion to Withdraw. (Dkt. 96.)

Nigeria's counsel has offered no explanation whatsoever as to why it failed to respond to Continental's November 19, 2015 letter seeking compliance with Continental's 30(b)(6) Notice, nor has it offered any explanation as to why it waited six months – and only after Continental was forced to file a sanctions motion and after Nigeria defaulted on that motion – to seek withdrawal from the case. Nigeria's counsel's Motion to Withdraw is just the latest tactic in a well-documented, ongoing effort by Nigeria – which this Court has repeatedly recognized – to delay satisfaction of an arbitration award that was duly entered against it nearly eight years ago. Nigeria's counsel's Motion to Withdraw, which it filed only *after* defaulting on Continental's Sanctions Motion and on the last day that Nigeria was ordered to show cause why the Sanctions Motion should not be granted, should not serve to further delay Continental's efforts to collect on its arbitration award and judgment.

Continental has been severely prejudiced by Nigeria's disregard for the numerous deadlines that have been imposed by this Court, and in other fora around the world. Continental therefore respectfully requests that the Court deny Nigeria's counsel's Motion to Withdraw, or

2

alternatively, defer ruling on the Motion to Withdraw until after Continental's pending Motion for Sanctions has been decided. (Dkt. 93.)

## STATEMENT OF FACTS

On November 25, 2008, Continental initiated this action by filing a one-count complaint ("Complaint") against Nigeria to confirm an arbitration award ("Award") that was rendered by the International Dispute Resolution Centre on August 14, 2008, under the New York Convention, as implemented by the Federal Arbitration Act, 9 U.S.C. §§ 201–208 ("Action"). (Dkt. 1.) On December 11, 2008, Continental served Nigeria with the Complaint pursuant to the FSIA. (Dkts. 5, 6.)

Nigeria failed to timely respond to the Complaint and the Court entered a default on February 13, 2009. (*See* Dkts. 8-12.) On March 23, 2009, Nigeria appeared in the action for the first time and requested a 45-day stay of the case. (Dkts. 16, 17, 21.) Shortly thereafter, on April 20, 2009, Nigeria moved a court in Nigeria for orders: (i) vacating the Award; and (ii) restraining Continental from seeking recognition and enforcement of the Award— notwithstanding that Nigeria had inexplicably delayed more than five months after its time to move to vacate the Award had expired under Nigerian law. *Federal Gov't of Nigeria v. Cont'l Transfert Technique Ltd.*, [2010] No. FHC/L/CS/421/2009, 3–4 (Nigeria). On November 1, 2010, the Federal High Court of Nigeria denied Nigeria's motion and confirmed the validity and enforceability of the Award. *Federal Gov't of Nigeria v. Cont'l Transfert Technique Ltd.*, [2010] No. FHC/L/CS/421/2009, 141 (Nigeria).

On December 9, 2008, Continental applied to have the Award recognized in the United Kingdom. *Cont'l Transfert Technique Ltd. v. Federal Gov't. of Nigeria*, [2008] EWHC (QB) 1280 (Eng.). A U.K. Court issued an interim order confirming the Award, and gave Nigeria until June 4, 2009 to respond to the interim order. *Id.* Nigeria failed to respond, and the

3

United Kingdom Court entered a default judgment against Nigeria on June 24, 2009. *Cont'l Transfert Technique Ltd. v. Federal Gov't. of Nigeria*, [2009] EWHC (QB) 1280 (Eng.). On November 23, 2009, more than six months after its deadline to respond to the interim order, Nigeria appeared before the U.K. Court and moved to vacate the default judgment, which the U.K. Court denied. *Id.*

On November 18, 2009, Continental amended the Complaint to add a second count seeking confirmation of the U.K. Judgment under the District of Columbia's Uniform Foreign-Money Judgments Recognition Act (the "UFMJRA"), D.C. Code §§ 15-1381 *et seq*. Nigeria moved to dismiss. (Dkt. 32.) In an order dated March 23, 2010, this Court rejected Nigeria's motion in its entirety, stating that "[n]one of [Nigeria's] arguments is persuasive" and "some border on the frivolous." (Dkt. 38, p. 8.) The Court further rejected Nigeria's request to adjourn the proceedings pending the outcome of the Nigerian action. The Court stated that "the procedural history of this case strongly indicates that the defendants moved to set aside the award in Nigeria only in order to manufacture a defense to Continental's claims before this Court" and *"[t]he timing of [the] sequence of events clearly indicates 'an intent to hinder or delay resolution of the dispute' before this Court*." (*Id.*, p. 17-18) (emphasis added) (quoting *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 318 (2d Cir. 1998)).

On August 3, 2011, the Court entered summary judgment in favor of Continental on both counts of the Amended Complaint. (Dkt. 46.) In connection with additional briefing regarding the conversion of the Award into U.S. dollars, on March 26, 2013, the Court held, among other things, that Continental was entitled to currency conversion at the exchange rates in affect at the time the Award was rendered. (Dkt. 63.) The Court explained that converting the Award into U.S. dollars at the less favorable exchange rate in place at the time of judgment would effectively "reward Nigeria both for failing to make good on its payment obligations and

4

for delaying confirmation of the award." (Dkt. 63, p. 13); *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 163 (D.D.C. 2013). The Court explained that:

> Nigeria has protracted these proceedings at every stage, first by failing to appear, and then by attempting to dismiss the case and forestall confirmation of the award through arguments that the Court has consistently found meritless, sometimes bordering on the frivolous.

*Id.* (internal quotation marks omitted). The U.S. Court of Appeals for the D.C. Circuit affirmed the Court's judgment on January 16, 2015. *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 603 F. App'x 1 (D.C. Cir. 2015).

On January 14, 2014, Continental served a subpoena on JPMorgan Chase Bank, N.A. seeking information concerning bank accounts held by the Government of Nigeria. (Dkt. 93, Hankin Decl., Ex. B.) Nigeria moved to quash the Subpoena on March 17, 2014, arguing it violated the protections of the FSIA. (No. 1:14-MC-00066, S.D.N.Y. Dkt. 1, p. 10-25.) On May 5, 2014, the Southern District of New York denied Nigeria's motion, explaining that "the Subpoena does not seek the attachment of any funds or property but only seeks to gain information, a quest that the Court of Appeals for the Second Circuit has specifically held to be proper." (S.D.N.Y. Dkt. 12, p. 2.)

Continental served Nigeria with a Deposition Notice on January 14, 2014, pursuant to Rules 30(b)(6) and 69(a)(2) of the Federal Rules of Civil Procedure, to discover information regarding Nigerian assets that could be used to satisfy the Amended Order and Judgment. (Dkt. 93, Hankin Decl., Ex. A.) On March 10, 2014, Nigeria filed a motion to strike the Deposition Notice and for a protective order against further discovery. (Dkt. 70.) The Court denied Nigeria's motion on April 28, 2015. (Dkt. 92.) The Court held that Nigeria is the proper subject of a Rule 30(b)(6) deposition despite being a foreign sovereign, and found no basis to

5

quash the Deposition Notice. (Dkt. 91); *Cont'l Transfert Technique, Ltd. v. Fed. Gov't of Nigeria*, 308 F.R.D. 27 (D.D.C. 2015). Specifically, the Court stated:

> Judge Friedman has established that Nigeria waived its immunity to suit pursuant to section 1605(a)(6) of the FSIA, and that it owes a valid money judgment to Continental. *See* Opinion (March 23, 2010) [Dkt. 38] at 9; Amended Order and judgment (March 26, 2013) [Dkt. 61] at 1-2. Both rulings have been affirmed by the Court of Appeals. *See* Judgment (March 6, 2015) [Dkt. 90] at 2, n.2, 3. Consistent with the Supreme Court's holding in *NML Capital, Ltd.*, ***Nigeria enjoys no further immunity under the FSIA to resist Continental's post-judgment discovery in this matter.***

(*Id.*, p. 15); *Cont'l Tansfert Technique, Ltd.*, 308 F.R.D. at 36 (emphasis added).

Following the Court's denial of Nigeria's motion to quash, Continental has repeatedly sought Nigeria's compliance with the Deposition Notice. (Dkt. 93, Hankin Decl., Exs. C, E, F, H.) In a letter dated June 9, 2015, Nigeria's counsel requested sixty (60) days to comply with the 30(b)(6) Notice because Nigeria's government was "still in transition" and "no ministers have been appointed, including an attorney general." (Dkt. 93, Hankin Decl., Ex. D.) Following Abubakar Malami's appointment as Attorney General of the Government of Nigeria on November 11, 2015, Continental again reached out to Nigeria seeking compliance with the Deposition Notice. In a letter dated November 19, 2015, Continental requested that Nigeria comply with Continental's Deposition Notice and informed Nigeria that if it did not identify witnesses to testify regarding the topics identified in the 30(b)(6) Notice and provide their availability by December 15, 2015, Continental would seek sanctions. (Dkt. 93, Hankin Decl., Ex. H.) Nigeria did not respond to Continental's letter. (Dkt. 93, Hankin Decl., ¶ 12.)

On April 27, 2016, Continental filed a Motion for Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure against Nigeria seeking an order to preclude Nigeria from submitting any new evidence responsive to the 30(b)(6) Notice for the duration of the Action. (Dkt. 93.) Nigeria's deadline to oppose Continental's motion was May 16, 2016. Nigeria, again,

defaulted. On May 26, 2016, Magistrate Judge Harvey ordered Defendants to show cause in writing by June 3, 2016 as to why the Court should not grant Plaintiff's motion as unopposed. (Dkt. 94.) Nigeria failed to oppose Continental's Sanctions Motion by the deadline imposed by Magistrate Judge Harvey. Instead, on June 3, Nigeria's counsel filed a Motion to Withdraw as counsel. (Dkt. 95.) Magistrate Judge Harvey stayed Continental's unopposed Sanctions Motion pending the adjudication of Nigeria's counsel's Motion to Withdraw. (Dkt. 96.)

## ARGUMENT

### I. THE COURT HAS COMPLETE DISCRETION TO DENY NIGERIA'S COUNSEL'S MOTION TO WITHDRAW

The Court has complete discretion under the Civil Rules of the United States District Court for the District of Columbia (hereinafter "Civil Rules") to deny Nigeria's Counsel's Motion to Withdraw. *Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court."). The Civil Rules specifically provide that "[t]he Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." D.D.C. Civ. R. 83.6(d). In exercise of its discretion to deny a motion to withdraw, the Court may consider additional factors such as the disruptive impact the withdrawal will have on the resolution of the action and length of time the case has been pending. *Id.*; *see also Barton v. District of Columbia*, 209 F.R.D. 274, 277 (D.D.C. 2002) (refusing to allow counsel to immediately withdraw from the case where the case had been pending for over two years).

### II. NIGERIA'S COUNSEL'S WITHDRAWAL WOULD UNDULY DELAY THESE PROCEEDINGS AND THEREBY PREJUDICE CONTINENTAL

Nigeria's well-documented history of delay in this Action, coupled with its counsel's decision to ignore Continental's request that it comply with its post-judgment discovery

7

obligations, only to file a motion to withdraw after Continental's sanctions motion was fully submitted, warrant the denial of Nigeria's counsel's Motion to Withdraw. At a minimum, the Court should stay Nigeria's counsel's pending motion until after Continental's earlier-filed sanctions motion has been ruled on.

"As a fundamental premise, counsel is under an obligation to see the work through to completion when [counsel] agrees to undertake the representation. . . ." *Byrd*, 271 F. Supp. 2d at 176. A court may deny a motion to withdraw as counsel where the motion would unduly delay the case or be unfairly prejudicial to the opposing party. D.D.C. Civ. R. 83.6(d). In *Byrd v. District of Columbia*, for example, the Court denied the plaintiff's counsel's motion to withdraw where withdrawal would cause undue delay and prejudice, and the case had "been pending for almost a year." 271 F. Supp. 2d at 177. Similarly, in *Barton v. District of Columbia*, the Court found that a stay of the proceedings was unnecessary and would unfairly prejudice the defendants where the defendants' dispositive motion had been pending for six months. 209 F.R.D. at 277.

Continental has expended substantial time, money and effort seeking Nigeria's compliance with its obligations under the arbitration award that was issued in Continental's favor in 2008, and converted to a judgment by this Court in 2013. Had Nigeria paid the award when it became due over <u>seven years ago</u>, Continental would have had no need to even initiate this enforcement proceeding to begin with. Instead, Continental has been forced to engage in over seven contentious years of litigation against Nigeria, who through its counsel has repeatedly defaulted on Court-imposed deadlines, requested unnecessary stays, filed a frivolous appeal, refused to provide post-judgment discovery, and now, seeks to withdraw.

More specifically, Nigeria has continuously frustrated Continental's attempts to obtain post-judgment discovery with delay tactics and excuses. Continental served its 30(b)(6) Notice

8

on Nigeria on January 14, 2014.  (Dkt. 93, Hankin Decl., Ex. B.)  Nigeria then moved to strike the Notice and for a protective order against further discovery.  (Dkt. 70.)  On April 28, 2015, the court denied Nigeria's motion and held that "Nigeria enjoys no further immunity under the FSIA to resist Continental's post-judgment discovery in this matter."  (Dkt. 91, p. 15.)  Despite the Court's ruling, Nigeria has provided Continental with no post-judgment discovery whatsoever.  In a letter dated June 9, 2015, Nigeria's counsel requested 60 days to comply with Continental's 30(b)(6) Notice because Nigeria's government was "in transition" and "no ministers have been appointed, including an attorney general."  (Dkt. 93, Hankin Decl., Ex. D.)

Following Abubakar Malami's appointment as Attorney General of the Government of Nigeria on November 11, 2015, Continental again reached out to Nigeria's counsel seeking compliance with the Deposition Notice, and warned Nigeria that it would be forced to seek sanctions if Nigeria continued to ignore Continental's requests.  (Dkt. 93, Hankin Decl., Ex. H.)  At no point did Nigeria's counsel indicate that they intended to withdraw from the case.  Nor did Nigeria's counsel ever indicate that they were not in communication with their client.  Instead, Nigeria's counsel ignored Continental's letter and forced Continental to move the Court for sanctions after five months of silence from Nigeria.  (Dkt. 93, Hankin Decl., ¶ 12.)  Nigeria's counsel likewise did not seek to withdraw from the case upon Continental's filing of its sanctions motion.  Instead, Nigeria defaulted on the motion.  It was not until the last day that Nigeria was ordered to show cause why Continental's motion should not be granted as unopposed that Nigeria's counsel filed a two page motion seeking to withdraw from the case – without explanation.  The timing and sequence of events weighs strongly in favor of deciding Continental's earlier filed Motion for Sanctions before deciding Nigeria's counsel's Motion to Withdraw.  *See, e.g., Barton*, 209 F.R.D. at 278 ("Allowing the defendants' motion to languish

unopposed while the plaintiffs search for counsel would unduly prejudice the defendants and would constitute an undue delay of the case.") (*citing* D.D.C. Civ. R. 83.6(d)).

A stay of Continental's pending Motion to Withdraw continues to prejudice Continental and delay post-judgment relief. Continental therefore respectfully requests that the Court enter an order denying Nigeria's counsel's Motion to Withdraw or alternatively rule on Continental's Motion for Sanctions because a continued "stay of the proceedings is not necessary and would unfairly prejudice" Continental. *Id.* at 275.

## CONCLUSION

For the reasons set forth above, Continental respectfully requests that the Court enter an order denying Defendants' counsel's Motion to Withdraw representation. Alternatively, Continental requests that the Court defer ruling on Defendants' Counsel's Motion to Withdraw and in the interim issue a decision on Continental's pending Motion for Sanctions.

Dated:      June 20, 2016                             Respectfully submitted,

                                                      KELLEY DRYE & WARREN LLP

                                                      By: _____
                                                      Joel A. Hankin
                                                      Paul F. Doyle
                                                      Melissa E. Byroade
                                                      101 Park Avenue
                                                      New York, New York 10178
                                                      Phone: (212) 808-7800
                                                      Facsimile: (212) 808-7897
                                                      † admitted *pro hac vice*

                                                      *Attorneys for Plaintiff Continental Transfert Technique Limited*

10

4291638