UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CONTINENTAL TRANSFERT TECHNIQUE LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-2026 (PLF) |
| FEDERAL GOVERNMENT OF NIGERIA et al., | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

Currently pending before the Court is defense counsel's renewed motion to withdraw under Local Civil Rule 83.6(d) [Dkt. 103], which essentially asks the Court to reconsider its July 22, 2016 Memorandum Opinion and Order [Dkt. 99] denying defense counsel's first motion to withdraw. Upon consideration of the parties' papers, the relevant legal authorities, and the parties' oral presentations at the October 13, 2016 hearing on the motion, the Court will grant the motion.[1]

---

[1] The documents reviewed by the Court in resolving the pending motion include the following: Defense Counsel's Motion to Withdraw [Dkt. 95]; Plaintiff's Opposition to Defense Counsel's Motion to Withdraw [Dkt. 97]; Defense Counsel's Motion for Reconsideration [Dkt. 100]; Plaintiff's Opposition to Defense Counsel's Motion for Reconsideration [Dkt. 102]; Defense Counsel's Second Motion for Reconsideration ("Mot.") [Dkt. 103]; Motion for Oral Hearing on Defense Counsel's Second Motion for Reconsideration [Dkt. 104]; Plaintiff's Opposition to Defense Counsel's Second Motion for Reconsideration [Dkt. 107]; Defendants' Opposition to Plaintiff's Proposed Order [Dkt. 114]; and Defense Counsel's Sealed Documents [Dkt. 116].

The Court previously evaluated defense counsel's motion to withdraw under Local Civil Rule 83.6(d). See generally Memorandum Opinion and Order (July 22, 2016) [Dkt. 99]. It reasoned that "permitting counsel for Nigeria and the other defendants to withdraw would unduly delay these proceedings even further and would further prejudice the plaintiff in its efforts to enforce earlier decisions of this Court and the arbitration award that was issued in Continental's favor nearly eight years ago." Id. at 1-2. The Court then concluded that "it would not be in the interest of justice to permit withdrawal" and denied defense counsel's motion. Id. at 2. In the present motion, defense counsel asks the Court to reconsider that ruling because "representation has been rendered impossible." Mot. at 1 [Dkt. 103]. Defense counsel declined to explain why representation has been rendered impossible because to do so would reveal client confidences in violation of Rule 1.6(a) of the D.C. Rules of Professional Conduct. Id. at 2. To avoid defense counsel revealing the confidences of its client, the Court ordered defense counsel to submit documentary proof in camera explaining why their request to withdraw satisfies Local Civil Rule 83.6(d). See Order at 1-2 (Oct. 18, 2016) [Dkt. 109]. Defense counsel instead filed two sealed declarations and accompanying documentary evidence under seal on the docket. See Sealed Documents [Dkts. 116, 116-1].[2]

"Motions for reconsideration are not specifically addressed in the Federal Rules of Civil Procedure. While the most analogous rule is Rule 60, which provides relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations 'are within the discretion of the trial court.'" Estate of Klieman

---

[2] The Court notes that documents that the parties file on the public docket — even, as here, where the filing is under seal — are not in camera submissions. See, e.g., Sea Shepherd Conservation Soc'y v. Internal Revenue Serv., --- F. Supp. 3d ----, 2016 WL 5108009, at *2 (D.D.C. Sept. 20, 2016) ("The Court ultimately ordered defendant to file part of the in camera submission on the public docket . . . .").

v. Palestinian Auth., 82 F. Supp. 3d 237, 241-42 (D.D.C. 2015) (quoting Keystone Tobacco Co. v. United States Tobacco Co., 217 F.R.D. 235, 237 (D.D.C. 2003)); see also FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "Notwithstanding the broad discretion of a court to reconsider its own interlocutory decisions, however, and 'in light of the need for finality in judicial decision-making,' district courts should only reconsider interlocutory orders 'when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.'" Estate of Klieman v. Palestinian Auth., 82 F. Supp. 3d at 242 (quoting In re Vitamins Antitrust Litig., No. 99-1097, 2000 WL 34230081, at *1 (D.D.C. July 28, 2000)).  Defense counsel's sealed declarations explaining the reason for their requested withdrawal constitute "new evidence not previously available."

  The Court must then determine whether defense counsel's declarations satisfy Local Civil Rule 83.6(d), which provides that "[t]he court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice."  "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court." Poblete v. Rittenhouse Mortg. Brokers, 675 F. Supp. 2d 130, 136 (D.D.C. 2009).  The declarations adequately set forth, with supporting documentation, the reasons for defense counsel's claim that they cannot continue representing Nigeria and the other defendants in this matter.  Furthermore, permitting defense counsel to withdraw at this stage will not occasion any additional delay or

prejudice to either party.  There will be no delay because, whether represented by the present defense counsel or not, Nigeria and the other defendants have failed to comply with orders of this Court for at least three years.  Memorandum Opinion and Order at 3 (Nov. 29, 2016) [Dkt. 115].  There is no reason to think this will change.

With respect to prejudice, the Court is mindful that defense counsel has represented Nigeria and the other defendants throughout the seven-month pendency of plaintiff's motion for sanctions [Dkt. 93].  Indeed, defense counsel filed an opposition to plaintiff's motion.  Defendants' Opposition to Plaintiff's Proposed Order [Dkt. 114].  Magistrate Judge G. Michael Harvey granted plaintiff's motion for sanctions on November 29, 2016, Memorandum Opinion and Order at 5 [Dkt. 115], but held his order imposing sanctions in abeyance for 60 days in order to provide Nigeria and the other defendants "one final opportunity to respond to the deposition notice as required by the Federal Rules of Civil Procedure."  Order at 1 (Jan. 31, 2017) [Dkt. 118].  Defendants failed to respond to the deposition notice and Magistrate Judge Harvey issued his order imposing sanctions on January 31, 2017, all while defense counsel represented Nigeria and the other defendants in this matter.  <u>See</u> <u>generally</u> <u>id</u>.  Those sanctions will persist regardless of whether defense counsel's motion to withdraw is granted or denied; hence, plaintiff will not be unfairly prejudiced.

Defense counsel's declarations are new evidence, which merits the Court's reconsideration of its July 22, 2016 Memorandum Opinion and Order denying defense counsel's motion to withdraw.  The declarations amply demonstrate that it is in the interests of justice to permit withdrawal.

Accordingly, it is hereby

ORDERED that defense counsel's renewed motion to withdraw as defendants' counsel [Dkt. 103] is GRANTED; it is

FURTHER ORDERED that Thomas M. Dunlap, Esq. and David Ludwig, Esq., and the law firm of Dunlap Bennett & Ludwig PLLC, formerly known as Dunlap, Grubb & Weaver, PLLC and DunlapWeaver PLLC, and Kenechukwu C. Okoli, and the Law Offices of K.C. Okoli, P.C., are permitted to withdraw as counsel of record for all defendants in this matter; and it is

FURTHER ORDERED that all defendants shall have 30 days to find substitute counsel.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 17, 2017